959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Musibau HASSAN, Defendant-Appellant.
 No. 91-5592.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and CHURCHILL, Senior District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Defendant Musibau Hassan appeals the sentence imposed following his guilty plea to charges of using an unauthorized access device with intent to defraud, in violation of 18 U.S.C. §§ 1029(a)(2) and (c)(1). Defendant assigns error to the district court's application of the "criminal livelihood" adjustment set forth in section 4B1.3 of the Sentencing Guidelines to increase his offense level. We conclude that the district court properly interpreted and applied section 4B1.3.
 
 
 2
 Defendant entered a plea of guilty to charges of unauthorized use of a credit card with intent to defraud between December 6 and December 28, 1990. On December 6, 1990, defendant received a Visa card from Citicorp/Citibank issued to a "Thomas Conway." Between December 19, 1990 and December 27, 1990, this Visa card was used by defendant to make fourteen purchases and two cash advances, totalling just over $10,000. Evidence not disputed by defendant also indicates that he rented a mailbox in downtown Lexington, Kentucky on September 9, 1990, and two apartments, one on September 24, 1990 and the other on October 31, 1990. Other evidence indicated that he used the mailbox and apartments as addresses for deliveries of numerous credit cards, billing statements, and products ordered using the credit cards.
 
 
 3
 At sentencing, a criminal offense level of 11 was assessed by the district court based on the application of section 4B1.3 of the United States Sentencing Guidelines. Section 4B1.3 provides:
 
 Criminal Livelihood
 
 4
 If the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood, his offense level shall not be less than 13, unless § 3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall not be less than 11.
 
 
 5
 U.S.S.G. § 4B1.3. Application Note 1 in the Commentary to section 4B1.3 defines "pattern of criminal conduct" as "planned criminal acts occurring over a substantial period of time. Such acts may involve a single course of conduct or independent offenses." Application Note 2 defines "engaged in as a livelihood" as requiring that "(1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law; and (2) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period...."
 
 
 6
 Without the application of the criminal livelihood section, defendant's offense level would have been set at 9, requiring a sentence of 12 to 18 months imprisonment, instead of the 24-month term he received.
 
 
 7
 Defendant first argues that the district court erred in finding that his unauthorized uses of a credit card constituted a pattern of criminal conduct occurring over a "substantial period of time," as the crimes charged in the indictment related only to the transactions made between the dates of December 19 and December 27, 1990, a period of nine days. The government maintains that defendant was engaged in fraudulent activities dating back at least three and one-half months to defendant's September 1990 rental of the Lexington mailbox for use in this particular credit card scheme.
 
 
 8
 Defendant's arguments require an interpretation of the terms of section 4B1.3 and present questions of law to be reviewed de novo. See United States v. Irvin, 906 F.2d 1424, 1426 (10th Cir.1990). We give due deference, however, to the district court's application of the guidelines to the facts of the case. 18 U.S.C. § 3742(e).
 
 
 9
 There is no express definition of what constitutes a "substantial period of time" under section 4B1.3, yet a few other courts have been faced with interpreting this phrase in similar factual contexts and provide us with some guidance in our decision. In Irvin, 906 F.2d at 1426, the Tenth Circuit decided that fraudulent credit card purchases spanning a period of five to seven months constituted a "pattern of criminal conduct" under section 4B1.3. The court interpreted the phrase "a substantial period of time" to require "more than a short, quick, one-time offense." Id. The actual credit card transactions at issue in Irvin occurred over a five-month period beginning in May 1988. The court noted, however, that the defendant rented a post office box on March 23, 1988 which he used to fraudulently obtain credit cards.
 
 
 10
 Defendant argues that the Irvin court did not "specifically" consider the two-month period dating back to the mailbox rental in determining the length of time over which he engaged in criminal conduct. A better reading of Irvin, however, shows that while the additional two months were not absolutely necessary to the court's decision, acts demonstrating planning or preparation by defendant were considered relevant and were, in fact, included in determining the time span of defendant's criminal conduct. The court held that "defendant's well-organized criminal venture continuing for a period of approximately five to seven months ... fits within the definition of a pattern of criminal conduct." Id. at 1426. See also United States v. Hearrin, 892 F.2d 756, 760 (8th Cir.1990).
 
 
 11
 While renting a mailbox or an apartment are not, of course, criminal acts of themselves, in this instance they were a part of a well-organized and well-planned course of criminal conduct. The course of conduct in this case therefore dated back to at least September 9, 1990 and spanned a minimum of three and one-half months. While defendant offers a not insubstantial argument as to whether his activities constituted a pattern of criminal conduct under section 4B1.3, it is clear that defendant's conduct was not a short, quick, or one-time offense. The time period at issue here makes this a closer case than Irvin, but we are satisfied that it was "substantial" and supports the two-point increase in the offense level under section 4B1.3.
 
 
 12
 Defendant also argues that he was not "engaged [in criminal conduct] as a livelihood." Whether defendant was engaged in criminal activity as a livelihood is a factual finding to be reviewed only for clear error. 18 U.S.C. § 3742(e). The district court's findings on this issue were not clearly erroneous. The record demonstrates that defendant gained over $10,000 within a twelve-month period (well in excess of 2,000 times the hourly minimum wage) from a pattern of criminal conduct, that this conduct occurred over a substantial period of time, and that he had no other source of legitimate income.
 
 
 13
 For these reasons, we AFFIRM the decision of the district court to apply the "criminal livelihood" adjustment set forth in section 4B1.3 of the Sentencing Guidelines to increase defendant's offense level.
 
 
 
 *
 The Honorable James P. Churchill, Senior United States District Judge for the Eastern District of Michigan, sitting by designation